IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAURA RAMIREZ, et al., )
                      )
         Plaintiffs,  )
                      )
    v.                )      No.  05 C 317
                      )
CITY OF CHICAGO, et al., )
                      )
         Defendants.  )

## MEMORANDUM ORDER

Numerous City of Chicago Police Officer defendants (collectively "Officers") have filed their Answer to the Second Amended Complaint ("SAC") brought against them and the City by three members of the Ramirez family ("Ramirezes"). This memorandum order is issued sua sponte to address some pleading defects in the Affirmative Defenses ("ADs") and Fed. R. Civ. P. ("Rule") 12(b)(6) defenses that follow the Answer portion of that responsive pleading. In part the filing by Officers' counsel is difficult to justify, for on May 31 this Court issued a memorandum order ("Order") that identified a like flaw in one of the ADs to Ramirezes' then-pending Amended Complaint.

In that latter respect, the Order has already cautioned defense counsel that both Rule 8(c) and the caselaw applying it confirm the need to accept Ramirezes' allegations as true (as did the common-law predecessor plea in confession and avoidance)--see also App. ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Accordingly an answer that has

denied various of those allegations suffices to put the disputed matters at issue, and an AD that is at odds with a plaintiff's allegations is not only inconsistent with the operative standard but also adds nothing to the case. Accordingly:

1. On the facts alleged by Ramirezes, it simply was not true that "a reasonably competent police officer, objectively viewing the facts and circumstances then confronting Defendant Officers, could have believed their actions regarding their involvement in the arrest, search, detention, and charging of plaintiffs, to be lawful, in light of clearly established law and the information that Defendant Officers possessed." In that regard the current AD 1 is no better than the corresponding qualified immunity AD stricken in the Order. Accordingly AD 1 is stricken.

2. Because a fair reading of Ramirezes' allegations (together with the required reasonable inferences) is that the conduct ascribed to Officers constituted wilful and wanton conduct, AD 2 is also stricken.

3. In the same way, the assertedly arbitrary and unfounded decisions by the Officers to arrest and detain Ramirezes could not, on the strength of those allegations, be considered "discretionary decision[s] for which [Officers are] immune from liability." AD 5 is stricken as well.

4. Because Ramirezes plainly claim that Officers "acted maliciously and without probable cause," AD 6 is stricken too.

As for Officers' Rule 12(b)(6) defenses, they too require Ramirezes' allegations to be accepted as gospel, and the generous standard set out in Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) applies to those allegations (again together with reasonable inferences from those allegations). In those terms Officers' third defense is ill-founded, and it too is stricken.[1]

_____
Milton I. Shadur
Senior United States District Judge

Date: October 6, 2005

---

[1] Among other reasons, Officers' counsel are disingenuous in citing Judge Hibbler's opinion in Healy v. City of Chicago as authority for the proposition that Laura Ramirez "cannot sustain this burden by making self-serving declarations based on nothing more than her own speculation." What counsel misleadingly omits is that Healy was addressing a plaintiff's "burden on summary judgment"--a sharp contrast with, and wholly inapplicable to, testing a complaint under Rule 12(b)(6).