IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

LAURA RAMIREZ, et al.,           )
                                 )
              Plaintiffs,        )
                                 )
     v.                          )    No. 05 C 317
                                 )
CITY OF CHICAGO, et al.,         )
                                 )
              Defendants.        )

                MEMORANDUM OPINION AND ORDER

     This case--one of the most ancient on this Court's calendar--has had a number of false starts toward the generation of an acceptable final pretrial order ("FPTO"), whose entry is a necessary prelude to trial. At this point another pretrial conference has been set for August 10, 2010, the earliest date at which all of the parties' counsel could convene.

     Until now this Court has left pending two outstanding motions, doing so on the premise that the FPTO, when finally entered, might either render the motions moot or simplify their disposition. But the extended passage of time involved in the aborted efforts to produce a workable FPTO has rendered those motions overripe, and this memorandum order will accordingly dispatch them.

     One is easy: Dkt. 338, described on the current motions report as the City of Chicago's motion "to bar or in the alternative for leave to file summary judgment." That motion is denied without prejudice. It is to be expected that the

forthcoming August 10 conference should signal whether any variant on that motion is appropriate, or whether instead the anticipated trial will resolve all of the issues without further motion practice.

As for Dkt. 348, the "second motion in limine" tendered by defendant Carl Suchocki ("Suchocki"), his effort to extricate himself from the trial via a pretrial dismissal is wholly without merit. Plaintiffs' comprehensive March 2, 2010 response to Suchocki's motion has provided chapter and verse demonstrating that a police record listing him at an unknown training site at the critical time at issue in this action cannot be treated as a dispositive fact, negating his involvement elsewhere at the time claimed by plaintiff James Ramirez. As plaintiffs' Response at 2 states succinctly:

> The record contains plenty of documentary evidence that Defendants Suchocki and Finnigan repeatedly were engaged in illegal conduct on the job, when, on paper, they were supposed to be elsewhere.

Accordingly Suchocki's Dkt. 348 motion is denied. Like the other defendants, he must take his chances at trial (for which purpose, of course, the document on which he has sought to rely for dismissal can be offered in evidence as part of the grist for the jury's mill).

_____
Milton I. Shadur
Senior United States District Judge

Date: July 21, 2010

2