UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAURA RAMIREZ, JAMES RAMIREZ, )
and ANTHONY RAMIREZ, )
)
)
Plaintiffs )
) Case No. 05 C 317
v. ) Judge Milton I. Shadur
) Magistrate Judge Arlander Keys
CITY OF CHICAGO, et al., )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

After several "false starts," the parties in this case recently prepared and submitted a Joint Final Pre-Trial Order ("JFPTO") that met, at least to some extent, the standards imposed by Judge Shadur, the district judge to whom this case is assigned. Judge Shadur ruled on the motions *in limine* identified in the JFPTO and then, on August 10, 2010, he referred the matter to this court to resolve the remaining objections and disputes concerning the parties' proposed trial exhibits. To that end, on October 4, 2010, the Court held a conference with the parties to determine what disputes remain and to clarify which objections require rulings. Although the Court was able to pare down the issues remaining for trial, the disputes and objections are numerous; each is discussed and resolved below.

A. Defendants Objections to Plaintiffs' Proposed Exhibits

The first batch of objections relate to complaint register files ("CRs"). The plaintiffs seek to introduce at trial: CRs

from the Special Operations Section that were produced in this case (proposed Exhibit 1); CRs that were produced in *Bond v. Utreras* (proposed Exhibit 2); CRs from the 8th District (proposed Exhibit 3); and CRs for each defendant (proposed Exhibit 4). The CRs that were produced in the *Bond* case are subject to a protective order that, according to the parties, remains in effect. Accordingly, the Court will sustain the defendants' objection to proposed Exhibit 2. However, the objections regarding Exhibits 1, 3 and 4 were resolved when Judge Shadur denied the defendants' motion *in limine* number 11, which sought to bar "unrelated complaint register files." Judge Shadur declined to bar the CRs but acknowledged the need to "take care to avoid the impermissible introduction of such CRs at trial as propensity evidence (and hence as precluded under Rule 404(b)) . . . ." This ruling takes care of defendants' objections to Exhibits 1, 3 and 4.

In light of Judge Shadur's ruling on the "unrelated" CRs, the evidence identified as plaintiffs' proposed Exhibit 5 – employee complaint histories for each defendant – is unquestionably relevant, and the defendants' objection is similarly overruled.

Next, the defendants object to the plaintiffs' proposed introduction at trial of the Cook County State's Attorney's Investigation Files and the signed statements by each police

2

officer from each CR that relates to a complaint by Plaintiffs of misconduct; these are identified, respectively, as Plaintiffs' Exhibits 6 and 7 in the Final Pretrial Order. The plaintiffs have now represented that they do not intend to introduce proposed Exhibits 6 or 7 as substantive exhibits, and, based upon that representation, the Court finds that the objections are now moot.

Next, the defendants object to Steven Whitman's data analysis report dated October 16, 2008. Dr. Whitman is listed as a "may call" witness by the plaintiffs; according to the summary in the JFPTO, Dr. Whitman specializes in epidemiology, yet his report relates more to statistical analysis having nothing to do with health initiatives or epidemiology. Among other objections, the defendants argue that the evidence Dr. Whitman analyzed was collected in connection with another case, *Bond v. Utreras*, that it has nothing to do with this case, and that its admission and use here would violate the protective order entered in *Bond*. To the extent Dr. Whitman's report incorporates documents that were disclosed in *Bond*, the defendants are right; documents disclosed by the City in *Bond* are still subject to the protective order and may not be disclosed or published here. But Dr. Whitman's report is not covered by the protective order. It is, nonetheless, inadmissible. *See, e.g., Thakore v Universal Machine Co. of Pottstown, Inc.*, 670 F.Supp.2d 705, 724-725 (N.D. Ill.

3

2009)(expert reports under Rule 26 are not independently admissible)(citations omitted). *See also Kirola v. City and County of San Francisco*, No. C 07-03685 SBA, 2010 WL 3476681, at *10 (N.D. Cal. Sept. 2, 2010)(expert reports themselves are not admissible; they would violate the hearsay rule if not accompanied by live testimony, and would be redundant if such testimony were offered)(citing *Thakore*, 670 F.Supp.2d at 724).

According to the plaintiffs, "[a]s an epidemiologist, Dr. Whitman is skilled at taking data sets and drawing statistical conclusions related to the public health consequences of the data." *See* Plaintiffs' Response to motions in limine, p. 30. How this relates to a particular police officer's knowledge concerning whether he would or would not be punished for misconduct is a mystery, but one that will have to be resolved by Judge Shadur, as no challenge on this basis is before the Court. Judge Shadur has apparently already discussed with the parties that Dr. Whitman may testify concerning his investigation in both this case and the *Bond* case, even if the underlying documents are protected from public disclosure.

Next, defendants object to the admission of evidence of ticket citations issued to the plaintiffs. This objection was overruled by Judge Shadur when he denied the defendants' motion *in limine* to bar evidence concerning the subject parking tickets.

Next, the defendants object to the introduction of signed

4

copies of three criminal complaints filed in *State v Ramirez* (exhibit 12). In the JFPTO, the defendants raised a hearsay objection, which would have been unsuccessful. However, at the October 4, 2010 conference, the defendants apprised the Court of their understanding that the plaintiffs intended to drop the false arrest claim arising out of the May 25, 2003 incident – the incident that formed the basis of the criminal complaints included in exhibit 12. Counsel for the plaintiffs confirmed this, and agreed that exhibit 12 would not be introduced; therefore, the challenge to this evidence is moot.

The defendants also object to the admission of certain photographs of the plaintiffs' house and car (proposed exhibits 14 and 15). These photographs appear to depict the interiors of a residence and a car – both in a state of disarray. The defendants have raised foundation and relevance objections. In support of their objections, the defendants noted at the October 4th conference that none of the plaintiffs were able to say, during their depositions, when the pictures were taken, or who took them – facts which, if true, would certainly justify exclusion of the evidence. Counsel for the plaintiffs disputed this, and, at this time, the Court is unable to determine whether the plaintiffs will be able to lay a proper foundation for the photographs. Certainly, as counsel for the plaintiffs recognized, a proper foundation will be a prerequisite to the

introduction of this evidence. Assuming a foundation can be laid, the defendants' relevance objection is overruled; this evidence is relevant to the plaintiffs' claims that the defendants trashed their house and cars as part of their harassment campaign.

The defendants also object to the introduction of certain records from the Secretary of State regarding a car owned by Raymond and Natalie Tracy. The defendants object on relevance and hearsay grounds; the latter is overruled (the documents would fall within the public records exception to the hearsay rule). But the relevance objection is sustained. The documents cover several vehicles, only one of which has any possible relevance to this case (the one Mr. Ramirez identified as being driven by his harassers). And, as to that particular vehicle, there is no dispute as to ownership. The evidence is excluded.

Next, the defendants raise a hearsay objection to exhibit 17, which is a notice from the City of Chicago Department of Buildings; the notice indicates that the City attempted to inspect 6116 S. Knox – the plaintiffs' house – on July 30, 2003 but was unable to do so. The notice advises that failure to arrange for an inspection may result in citations being issued for violation of the City's municipal code. In response to the objection, the plaintiffs have argued that the notice is an admission by a party opponent and will be introduced to show that

6

the defendants scheduled the plaintiffs house for an inspection in retaliation for Laura Ramirez testifying on behalf of Janice Kasper. This reads more into this piece of evidence than is reasonable. Nevertheless, the notice falls within the public records exception to the hearsay rule and the objection is overruled. Ruling on the relevance objection will have to wait for trial; Judge Shadur can make the final call once he sees how the evidence is introduced.

The defendants next object to Plaintiffs' proposed exhibit 21, which is described as "OEC tape log/dispatch report." The log sheets cover events reported on September 6, 2004, including a report of multiple gunshots being fired in the area of the Ramirez residence. Anthony Ramirez is mentioned by name. The defendants' hearsay objection is overruled; these documents fall within the public records exception. See Fed. R. Evid. 803(8)

Next, the defendants object to Plaintiffs' proposed exhibit 22, which consists of a number of orders and directives issued by the Chicago Police Department. The exhibit includes several Detectives Division Special Orders - it includes two copies of a DDSO issued October 10, 2006, which discusses the "major case squad"; another DDSO issued November 20, 2006, which discusses "investigative responsibility"; and another DDSO issued December 28, 2006, which discusses the "DNA unit." It also includes a number of General Orders dealing with various subjects ranging

7

from processing persons under department control to the department organization chart. The defendants raise a relevance objection, arguing that there are twelve different orders and the plaintiffs have failed to refer to any specific portion of the wide-ranging orders. By the Court's count, there are a lot more than 12 orders included in this exhibit. But volume alone does not make evidence irrelevant. Presumably, the plaintiffs will offer some of these orders in support of their *Monell* claim, or possibly to prove that the defendants deviated from established protocols in their treatment and handling of the plaintiffs. If that is the case, then some of the orders would be relevant and admissible. Having said that, a final ruling on this objection will have to be made at trial, once plaintiffs indicate the specific orders and provisions they seek to admit.

Next, the defendants object to Plaintiffs' proposed exhibit 25, which is a transcript from the bench trial in *People v. Janice Kasper*, an Illinois state court criminal case tried in June 2003 before Judge Mark Ballard. Ms. Kasper, herself a Chicago Police officer, was charged with resisting a peace officer and with battery of a police officer; Laura Ramirez testified on her behalf and contradicted the arresting officers' version of events. Judge Ballard granted a directed verdict motion as to the battery count and found Ms. Kasper not guilty on the resisting arrest count. And, in fact, in this case, Ms.

8

Ramirez alleges that her involvement in that suit is what led to her and her family being harassed by the defendants. The defendants object to the evidence on relevance and hearsay grounds. Given that Ms. Ramirez alleges that her involvement in the *Kasper* case gave rise to the defendants' harassment, this evidence is clearly relevant. And three of the witnesses who testified at trial are identified by the parties as "may call" witnesses; parts of the transcript may therefore be relevant for impeachment purposes as well. Additionally, depending on which parts of the transcript the plaintiffs use and the purpose for which the evidence is offered, it may or may not be hearsay; some of the testimony may fall within the scope of Federal Rule of Evidence 801(d)(1), and some may not be offered to prove the truth of the matter asserted. Depending on how it is used, the transcript may also give rise to concerns about juror confusion, as Ms. Kasper is not a plaintiff in this lawsuit. Accordingly, at this time, the Court is unable to rule definitively on the defendants' objection to this exhibit; ruling is reserved for trial.

The defendants also object to exhibit 28, which is the trial transcript from *People v. James Ramirez*, a criminal case tried September 22, 2003. This was also a bench trial; interestingly, Mr. Ramirez was represented by the same lawyer who represented Ms. Kasper at her criminal trial. Here too the judge found the

defendant not guilty, though he specifically noted that his finding was based not on a determination that Mr. Ramirez was innocent, but based on his determination that the testifying officer had not established that the bag he testified he saw Mr. Ramirez throw was actually the same bag of pot the officers recovered from the garage. At the October 4 conference, counsel for the plaintiffs indicated that he intended to use the transcript, if at all, only for impeachment purposes; accordingly, the Court need not rule on the defendants' admissibility objections.

The defendants next object to exhibits 32 and 33, which are, respectively, a Chicago Police Department Event Query dated September 6, 2004 and an Event History Table covering the same date. The ruling on these is the same as the ruling on exhibit 21; the defendants' hearsay objections are overruled.

Finally, the defendants challenge a Rule 26(a)(2) report and rebuttal report by Joe Stine; the defendants object, arguing that the reports constitute inadmissible hearsay. Mr. Stine is listed as a "may call" witness; he is a former police chief, though he spent his career in Philadelphia, not Chicago. Mr. Stine is offered as "an expert in the training, practices, and procedures used by police in the performance of their duties." Perhaps recognizing that Courts in this circuit have consistently held reports like Mr. Stine's to be inadmissible, counsel for the

plaintiffs represented that these exhibits will be marked, but not offered for admission into evidence. Accordingly, the admissibility objections are moot.

B. <u>Plaintiffs' Objections to Defendants' Proposed Exhibits</u>

The plaintiffs first object, on the basis of hearsay, to several interview records obtained in connection with CR #288911 (exhibits numbers 1, 2 and 3). Exhibit 1 consists of two 1-page summaries of interviews with Laura Ramirez - the first taken May 5, 2003, and the second taken June 6, 2003, purportedly to verify information from the earlier interview. Exhibit 2 is a summary of a May 9, 2003 interview with James Ramirez; and exhibit 3 is a summary of a May 9, 2003 interview with Anthony Ramirez. All are potentially relevant to the matters in dispute. And all potentially implicate hearsay concerns. All involve statements made by parties who will likely be testifying at trial and, depending on the purpose for which they are offered, they may, indeed, constitute hearsay. On the other hand, the evidence may actually be offered as an admission by a party-opponent, in which case it would not be hearsay. Until it becomes clear exactly how and why the defendants intend to offer this evidence, the Court is unable to make a definitive ruling on the plaintiffs' hearsay objections. Those rulings are reserved for trial.

The plaintiffs similarly object to exhibit number 5, which is a progress report prepared in connection with CR #203069, also

involving Ms. Ramirez. Again, although this evidence would seem to be relevant to matters in dispute, the Court is unable to rule on the plaintiffs' hearsay objection without knowing the purpose for which the evidence is offered.

Next, the plaintiffs object to defendants' exhibit 10, which is a report of statement taken from Anthony Ramirez in connection with a May 2003 arrest for discharging a weapon. The Court agrees that this evidence falls within the scope of Judge Shadur's ruling on plaintiffs' first motion *in limine*, and the objection is sustained.

Next, the plaintiffs object to exhibit 53, which is a group of documents relating to Record Division Number HJ283639; the documents all relate to an incident involving the discharge of firearms on April 6, 2003; James Ramirez is mentioned tangentially as an alibi witness, but was not a suspect or offender. To the extent this evidence is relevant, it amounts to impermissible "propensity" evidence and falls within the scope of Judge Shadur's rulings on plaintiffs' first and second motions *in limine*. The objection is sustained and the evidence is excluded.

The plaintiffs next challenge exhibit 55, which is a group of documents relating to Record Division Number HJ386223; Anthony and James Ramirez are both identified as offenders charged with weapons violations. Although, as Judge Shadur has already ruled, references to gang affiliation can be unfairly prejudicial, the

12

defendant police officers' knowledge of the plaintiffs and their prior experience and involvement with the plaintiffs necessarily come into play when considering the reasonableness of the defendants' actions vis à vis the plaintiffs. This evidence may, therefore, with an appropriate proffer, be admissible to impeach the plaintiffs or to rebut testimony and evidence offered by the plaintiffs. Consistent with Judge Shadur's rulings, it is not generally admissible to show that the plaintiffs were affiliated with any gang or that they were arrested or convicted in the past.

Similarly, the plaintiffs object to exhibits 58 and 76, which also consist of groups of documents relating to Record Division Number HJ386223; the ruling on these exhibits is the same as the ruling above on exhibit 55.

Exhibits 59, 60 and 61 are copies of arrest reports. The admissibility of these documents is covered by Judge Shadur's ruling on Plaintiffs' first motion *in limine*.

The plaintiffs next object to exhibit 77, which is a group of photographs (mugshots and evidence photographs), which appear to have been taken in connection with RD number HJ386223; as above, this evidence is generally not admissible to show propensity or to suggest or prove gang affiliation. But, consistent with the rulings above and with Judge Shadur's rulings on the motions *in limine*, it may be admissible to rebut or

impeach testimony or evidence offered by the plaintiffs.

Finally, the plaintiffs challenge exhibits 78 and 79, which purport to document statements given on May 26, 2003 by Ramirez (presumably Anthony, though the statement does not identify the declarant's full name) and Garcia (again, no first name is given). As with the other evidence relating to the plaintiffs' prior arrests, this evidence is generally inadmissible, but may be offered to rebut or impeach testimony or evidence offered by the plaintiffs.

Date: October 13, 2010

E N T E R E D:

_____
MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT