IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| RAMIREZ, et al., ) | |
| ) | No. 05 CV 317 |
| Plaintiffs ) | |
| ) | Judge Shadur |
| v. ) | |
| ) | |
| CITY OF CHICAGO, et al., ) | |
| ) | |
| Defendants. ) | |

**MOTION TO MODIFY THE PROTECTIVE ORDER
SO THAT PLAINTIFFS' COUNSEL MAY PRODUCE
<u>DOCUMENTS IN ANOTHER MATTER AGAINST THE CITY OF CHICAGO</u>**

Now come counsel for Plaintiffs and seek modification of the Court's protective order in this case, Doc. 115, and in support state as follows:

1. During discovery in this case, Defendant City of Chicago produced a number of Chicago Police Department Complaint Register files ("CR files") pertaining to alleged acts of misconduct by members of the Chicago Police Department's Special Operations Section (SOS) as well as other Chicago Police officers.

2. The Court specifically found that C.R. files produced in the case were "public,"[1] but also set forth procedures to be followed if counsel wished to produce them in un-redacted form to any other party. Exhibit A (Doc. No. 115 (May 9, 2006 Order)) ¶ E.

3. The C.R. files produced in this case are relevant to claims Plaintiffs' counsel is litigating against the City of Chicago in another matter, *Baker v. City of Chicago*, No. 16 cv 8690 (N.D. Ill.). Both cases concern patterns of corruption and criminal misconduct by groups of Chicago Police Department tactical officer in the 2004 to 2005 time period and the City's

---

[1] Since the time that this Court made the finding that C.R. files are "public," the Illinois Appellate Court has confirmed that the City's C.R. files are subject to disclosure under the Illinois Freedom of Information Act. *See Kalven v. City of Chicago*, 2014 IL App (1st) 121846.

response to those patterns of misconduct. *See, e.g.*, Exhibit B (Baker v. City of Chicago, First Amended Complaint). Accordingly, Plaintiffs' counsel wishes to produce the C.R. files from this litigation in the *Baker* litigation.

4. The May 9, 2006 protective order indicates that those documents may be viewed by counsel of record in the *Ramirez* case only, which would preclude Plaintiffs' counsel from producing these documents to the City's counsel in the *Baker* litigation. (The City has different lawyers in Baker than it did in *Ramirez*, and the individual officers in *Baker* are represented by lawyers who did not appear in the *Ramirez* case.)

5. There is no reason, however, why Plaintiffs' counsel should not be able to disclose these documents to the parties in *Baker*.

6. As this Court previously noted, the C.R. files produced in this case are "public," except that information like personal addresses, social security numbers, telephone numbers, and dates of birth should not be publicly disseminated. Exhibit A (May 9, 2006 Order) at ¶ E.2. Plaintiffs' counsel does not intend to publicly disseminate any of the un-redacted C.R. files from *Ramirez*; counsel wishes to produce the un-redacted files to counsel of record in *Baker* only.

7. Moreover, Plaintiffs' counsel acknowledges that the *Ramirez* C.R. files would be subject to the protective order in Baker, which – much like the *Ramirez* protective order – prevents public disclosure of un-redacted C.R. files. *See* Exhibit C (*Baker v. City of Chicago* protective order) at ¶ 2(b).

8. In other words, the documents at issue would be entitled to the same level of protection from public dissemination as they currently are under the *Ramirez* order. The only difference is that they could also be used by lawyers in the *Baker* litigation, without forcing the City's current lawyers to undertake a new search for all of the documents and produce them

again in *Baker*.

WHEREFORE, Plaintiffs respectfully request that the Court modify the protective order in this case such that Plaintiffs' counsel may disclose to the C.R. files produced in Ramirez to counsel of record in *Baker v. City of Chicago*, No. 16 cv 8690 (N.D. Ill.).

Respectfully submitted,

/s/Elizabeth Mazur

Jon Loevy
Russell Ainsworth
Joshua Tepfer
Elizabeth Wang
Elizabeth Mazur
LOEVY & LOEVY
311 North Aberdeen Street
Third Floor
Chicago, Illinois 60607
Phone: (312) 243-5900
Fax:    (312) 243-5902

## **CERTIFICATE OF SERVICE**

   I, Elizabeth Mazur, an attorney, certify that I served a copy of this pleading on counsel of record via the ECF System.  I also served a copy on counsel of record in *Baker v. City of Chicago*, No. 16 CV 8960 (N.D. Ill.) via electronic mail.

                             /s/Elizabeth Mazur